
FILED
2005 Dec-28  AM 11:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KELLY GRANTHAM,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| vs. | )  **CV 05-B-0009-S** |
|  | ) |
| **BELLSOUTH TELECOMMUNICA-TIONS, INC.; BELLSOUTH ADVERTISING AND PUBLISHING COMPANY,** | ) ) ) ) |
|  | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION

This case is currently before the court on defendants' Motion for Summary Judgment, (doc. 17), and plaintiff's Motion for Stay or, in the alternative, Motion for Dismissal Without Prejudice, (doc. 21). Upon consideration of the record, the submission of the parties, and the relevant law, the court is of the opinion that defendants' Motion for Summary Judgment, (doc. 17), and plaintiff's Motion for Dismissal Without Prejudice, (doc. 21), are due to be granted, and plaintiff's claims are due to be dismissed without prejudice.

Plaintiff filed this action against defendants, alleging violations of her rights under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. In their Memorandum of Law in Support of Motion for Summary Judgment, defendants contend:

> BellSouth never received a claim form from Plaintiff, Aetna [defendants' Claims Administrator] never evaluated the claim, and there was never an appeal since no claim was ever denied. There is no evidence that the Claims

> Administrator would not consider Plaintiff's arguments in support of coverage which have never been presented outside of this litigation.
>
> Accordingly, Plaintiff's lawsuit should be dismissed for failure to exhaust her administrative remedies and remanded back to the administrative level for a final determination of Plaintiff's claim for group life insurance benefits. This would entail (1) Plaintiff's submission of a completed claim form; (2) Aetna issuing an initial claim determination, (3) Plaintiff appealing the determination, if necessary, with the opportunity to submit additional records or arguments on appeal, (4) Aetna's review and analysis of any legal issues or evidence submitted by Plaintiff, and (5) a final determination being made by Aetna which is subject to an appeal to this Court.

(Doc. 18 at 12.) Plaintiff responded:

> 1. The Defendant's memorandum of law in support of its motion for summary judgment correctly states that the Plaintiff has failed to exhaust her administrative remedies.
>
> 2. Eleventh Circuit precedent requires that a Plaintiff exhaust administrative remedies before her case can be heard on the merits in federal court, unless the Plaintiff can show that resort to an administrative remedy would be futile. *Springer v. Wal-Mart Associates Group Health Plan*, 908 F.2d 897 (11th Cir. 1990). Plaintiff does not believe she can show that resort to an administrative remedy would be "futile" under Eleventh Circuit precedent.
>
> 3. In Defendant's memorandum of law in support of its motion for summary judgment at page 12, Defendant states, "Plaintiff's lawsuit should be dismissed for failure to exhaust her administrative remedies and remanded back to the administrative level for a final determination of Plaintiff's claim for group life insurance benefits." Plaintiff agrees, except that Plaintiff points out that a mere stay of the current action would accomplish the same purpose as a dismissal without prejudice and would be a more streamlined solution.
>
> WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests that this Court stay the current proceeding so that Plaintiff can pursue her administrative remedies. In the alternative, the Plaintiff requests that this Court dismiss her case without prejudice so that she can pursue her case at the administrative level.

(Doc. 21.)

The law is well-established that "plaintiffs must exhaust their administrative remedies under a covered benefits plan prior to bringing an ERISA claim in federal court." *Variety Children's Hosp., Inc. v. Century Medical Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995)(citations omitted). When the court finds a plaintiff has not exhausted his or her administrative remedies, dismissal without prejudice, subject to plaintiff's exhaustion of administrative remedies, is appropriate. *Id*.

The court finds, without opposition, that plaintiff has failed to exhaust her administrative remedies. (Doc. 21, ¶ 1.) Therefore, this matter is due to be dismissed without prejudice, subject to plaintiff's exhaustion of her administrative remedies.

## CONCLUSION

Based on the forgoing, defendants' Motion for Summary Judgment, (doc. 17), and plaintiff's Motion for Dismissal without Prejudice will be granted. Plaintiff's Motion for Stay, (doc. 21) will be denied. An Order dismissing this case will be entered contemporaneously herewith.

**DONE**, this 28th day of December, 2005.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE